IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES MURRY, ET AL., Plaintiffs, | § § § | |
| V. | § | CIVIL ACTION NO. 4:23-CV-683-P |
| WADDELL SERAFINO, ET AL., Defendants. | § § § § | |

## FINDING, CONCLUSION, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is *pro se* Plaintiff Lakeshia Edmond's Complaint[1] filed June 30, 2023 [doc. 1]. This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The undersigned **RECOMMENDS** that: (1) this case be **DISMISSED** *sua sponte* for failure to state a claim upon which relief can be granted; (2) the dismissal be **WITH PREJUDICE** because no amendment could construct a viable legal claim from the discernable facts alleged in the Complaint; (3) Lakeshia Edmond be declared a vexatious litigant; and (4) Lakeshia Edmond be required to seek leave of court by motion before she is permitted to file any additional complaints in this district.

## I. BACKGROUND

From the pleadings, it appears Lakeshia Edmond suffers from paranoid schizophrenia and a prolonged series of delusions that have convinced her that a wide-ranging conspiracy of persons is out to get her. (*See* Plaintiff's Complaint ("Pl.'s Compl."); *see also Edmond v. Brap, LLC*, No. 4:21-cv-1250-P, 2021 WL 5969294 at *1 (N.D. Tex. Nov. 29, 2021) (*rep. and recommendation adopted*, 2021 WL 5967561 at *1 (N.D. Tex. Dec. 16, 2021)). In hopes of turning to the judicial

---

[1] Edmond filed her complaint on behalf of numerous Plaintiffs, including Vladimir Putin, and listed James Murry as the first Plaintiff.

1

system for help, she filed this action on June 30, 2023 [doc. 1]. Her largely illegible Complaint makes sweeping, incomprehensible demands, including but not limited to: (1) the payment of billions of dollars through cash, check, and prepaid cards [doc. 1 at 2-5, 7, 10]; (2) being awarded ownership of numerous companies and properties [*id.* at 2-3, 5, 8-10]; and (3) the removal of her criminal record, fingerprints, and vexatious litigant status from the states of Arkansas and Texas [*id.* at 4]. However, at no point does her Complaint articulate a viable cause of action or present facts by which the Court could liberally construe one. (*See generally* Pl.'s Compl.)

## II.  12(b)(6) DISMISSAL

### A.  12(b)(6) Standard

Federal Rule of Civil Procedure 12 authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts may dismiss a complaint under Rule 12(b)(6) *sua sponte*. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006) (citing *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). When examining the complaint to ascertain whether it presents a claim for which relief can be granted, courts must constrain their analysis to the pleadings alone. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

"'However inartfully pleaded,' *pro se* complaints must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Whether represented by counsel or appearing *pro se*, plaintiffs must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* Although "detailed factual allegations" are not necessary, plaintiffs must provide

2

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To satisfy Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing *Twombly*, 550 U.S. at 556). Conversely, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim lacks an arguable basis in fact "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### B.    Opportunity to Amend Standard

"Generally, a district court errs in dismissing a *pro se* complaint for failure to state a claim without giving the plaintiff an opportunity to amend."[2] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). But if the court finds a plaintiff has alleged his or her best case, the Court may foreclose the opportunity to amend and dismiss the complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (quoting *Bazrowx*, 136 F.3d at 1054). Likewise, an opportunity to amend is "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v.*

---

[2] The Court notes that Plaintiff filed an Amended Complaint [doc. 12], however, the Amended Complaint appears to be a supplement to the original complaint adding previously unlisted Defendants to the style.

*Thaler*, 14 F.3d 8, 8-9 & n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28). Therefore, the court does not err in dismissing a complaint with prejudice, such that the plaintiff has no opportunity to amend, if the complaint's sole legal basis is "indisputably meritless" or its factual constitution is "fantastic or delusional." *Id.*

### C. Analysis

#### 1. Edmond does not state a claim for which relief can be granted.

As noted above, Edmond's Complaint is an incoherent compilation of sweeping demands with the occasional unintelligible fact mixed in. No where in Edmond's Complaint does she articulate a coherent legal claim capable of satisfying Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Because she appears *pro se*, Edmond's pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *Estelle*, 429 U.S. at 106 (quoting *Haines*, 404 U.S. at 520). But no amount of liberal construction could manufacture a coherent statement from within Edmond's Complaint, much less a viable legal claim. The rambling Complaint lacks an arguable basis in law because the facts alleged are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 32-33. As such, Edmond's claims are frivolous. *Neitzke*, 490 U.S. at 325; *Brewster*, 587 F.3d at 767. Accordingly, this case should dismissed, *sua sponte*, for failure to state a claim on which relief can be granted. *See Carroll*, 470 F.3d at 1173 (holding courts may dismiss actions for failure to state a claim *sua sponte*).

#### 2. Dismissal with prejudice is appropriate considering the delusional nature of Edmond's allegations.

As set forth above, Courts ordinarily err in dismissing *pro se* complaints for failure to state a claim without first extending an opportunity to amend the pleadings. *Bazrowx*, 136 F.3d at 1054. But a chance to amend is "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason*,

4

14 F.3d at 8-9 & n.5. Such is the case here, as Edmond's Complaint contains incoherent, absurd allegations and is permeated with bizarre comments unrelated to any cause of action or legal claim. (*See, e.g.*, Pl.'s Compl. at 5 ("Plaintiff Lakeshia Edmond files that she is to approximately at 9:15 AM to take possession of the property located at 8250 North Beach Street, Keller Texas as well as the matter of Walmart Supercenter which is requested that the Tarrant County Constable Office Manager is to prepare a Writ of Possession, Garnishment and Execution for the Walmart located at 8520 North Beach Street Fort Worth Texas and corporate entity located in Bentonville Arkansas.") (mistakes in original); *id.* at 4 ("Plaintiff Lakeshia Edmond files the matter of the monetary damages from DC-2304258, she is seeking relief in the amount of 999,999,099.99 in cash to be picked up at the Dallas FBI Office on Wednesday the 5th before 3:00 PM.") (mistakes in original); *id.* at 5,10 ("Should Kendra Scott, and others from the State of California, Texas or Arkansas as well as other countries interfere with the suit as well as the matter of sexual assault against the Plaintiffs, then those found guilty of the matter being on video surveillance cameras, or any (thought continues on page 10) elude sexual content or offensive matter of sexual harassment shall be given 999 day federal sentence.") (mistakes in original); *id.* at 5 ("Plaintiff Lakeshia Edmond files that she is no longer held liable for fees owed.").)

The above examples are non-exhaustive and typify the Complaint's nonsensical contents. The Complaint does not evidence a viable legal claim or cause of action. If allowed to amend her pleadings, Edmond would be incapable of manufacturing a legally cognizable claim and would further waste time and resources on a delusional case devoid of merit. While dismissals with prejudice may be harsh in some contexts, the opposite is true here. A dismissal of Edmond's claim with prejudice, such that she cannot amend, is far less harsh, as it will close the door definitively on a case that will do nothing but waste her, and the Court's, time and resources. Accordingly, the

undersigned recommends dismissal of this frivolous action with prejudice because it is based on delusions and has no basis in fact, thus making any attempts at amendment futile. *Eason*, 14 F.3d at 8-9 & n.5.

### D. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS DISMISSAL** of this action **WITH PREJUDICE** because Edmond does not state a claim for which relief can be granted and any attempts at amending the Complaint would be futile.

### III.   VEXATIOUS LITIGANT FINIDING

As set forth above, on June 30, 2023, Edmond filed a Complaint [doc. 1] against Defendants Waddell Serafino, et al. in the above-styled and referenced case. The instant case was the fifth case that Edmond has filed in the past twenty months:[3]

| Case Number | Style | Date Filed | Date Closed |
| --- | --- | --- | --- |
| 4:21-CV-1250-P | *Edmond, et al. v. Brap LLC, et al.* | 11/12/2021 | 12/16/2021 |
| 3:22-CV-2487-B | *Edmond v. Dallas FBI Agent Ann* | 11/07/2022 | 12/21/2022 |
| 4:23-CV-464-O | *Edmond, et al., v. Judge Ralph Swearin Jr., et al..* | 05/10/2023 | 08/09/2023 |
| 4:23-CV-521-O | *Edmond, et al. v. EEOC, et al.* | 05/25/2023 | 07/18/2023 |
| 4:23-CV-683-P | *Edmond, et al. v. Serafino, et al.* | 06/30/2023 | *Pending* |

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *Obama v. United States*, No. 3:09-CV-226-, 2010 WL 668847, at *5 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent power is the "power to levy

---

[3] The closed cases were dismissed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e) and/or Federal Rule of Civil Procedure 12(b)(6).

sanctions in response to abusive litigation practices." *Obama*, 2010 WL 668847 at *5. Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Id.* (citing Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191-195-97 (5th Cir. 1993)). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Courts in the Fifth Circuit have adopted the Tenth Circuit's advisory that "injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth," and that is proper for the court to "provide[] guidelines as to what the litigant may do to obtain its permission to file and action," provided that the "litigant received notice and an opportunity to oppose the court's order before it was implemented." *Flores v. U.S. Att'y Gen.*, No. 1:14-CV-198 2015 WL 1088782, at *4 (E.D. Tex. Mar. 4, 2015) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (internal citation omitted)). The undersigned **FINDS and CONCLUDES** that Edmond's litigation history has risen to the prevalence and level of harassment that existed in the cases cited above where sanctions were deemed appropriate.[4] Edmond is hereby warned that sanctions may be imposed for any future abusive litigation practices. The Court also recommends that Edmond be required to obtain leave of court by motion before filing suit in this district.

Based on the foregoing, the Court **RECOMMENDS** that Edmond be declared a vexatious litigant and that the District Court warn Edmond by order that: (1) monetary sanctions may be imposed for future vexatious litigation considered to be abusive and harassing in nature; and (2) that Edmond must obtain leave of court by filing a motion before she is permitted to file any additional complaints in this district.

---

[4] The Court notes that in her complaint, Emond herself attached an exhibit which is a state court order from June 9, 2022, declaring her a vexatious litigant. (Pl.'s Compl. at Exhibit 3 (*Edmond v. BREAP LLC, et al.*, No, 342-332811-22 (342nd District Court, Tarrant County)).

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that: (1) this case be **DISMISSED** *sua sponte* for failure to state a claim upon which relief can be granted; (2) the dismissal be **WITH PREJUDICE** because no amendment could construct a viable legal claim from the facts alleged in the Complaint; (3) Lakeshia Edmond be declared a vexatious litigant; and (4) Lakeshia Edmond be required to seek leave of court by motion before she is permitted to file any additional complaints in this district.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 13, 2023**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED August 30, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE